UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-02201-RGK (SPx) | Date | January 28, 2015 |
|---|---|---|---|
| Title | *SOLOMON v. J.B. HUNT LOGISTICS, INC., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 15)**

## I.   INTRODUCTION

On August 28, 2014, Freddie Solomon ("Plaintiff") filed a Complaint in state court against J.B. Hunt Logistics, Inc., Nathaniel Gilkes, and Does 1 through 25. Plaintiff alleges the following causes of action: (1) Disability Discrimination, (2) Disability Harassment, (3) Retaliation in Violation of the CFRA, FEHA, and FMLA, (4) Wrongful Termination, (5) Intentional Infliction of Emotional Distress, and (6) Negligent Infliction of Emotional Distress. On September 12, 2014, Plaintiff filed an amendment to the Complaint, adding J.B. Hunt Transport, Inc. as a named defendant in place of Doe defendant 1.

On October 24, 2014, J.B. Hunt Logistics, Inc. and J.B. Hunt Transport, Inc. ("Defendants") removed the case to federal court based on federal question jurisdiction. Presently before the Court is Plaintiff's Motion to Remand.[1] For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.   JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction to hear the case in the first instance. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

---

[1] Defendants assert that Plaintiff's motion was untimely because it was filed 31 days after Defendants' filing of their Notice of Removal. *See* 28 U.S.C. § 1447(c) (requiring that procedural challenges be filed within 30 days). However, because the 30th day fell on a Sunday, the period continued to run to the end of the following Monday. Fed. R. Civ. P. 6(a)(1)(C) (extending the filing period to the end of the following day that is not on a weekend or legal holiday). Thus, Plaintiff's Motion was timely filed.

States." 28 U.S.C. § 1331.

When determining whether subject matter jurisdiction exists, courts apply the "well-pleaded complaint rule," which states that "federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The party invoking removal bears the burden of establishing a federal court's jurisdiction. *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986).

### III. DISCUSSION

Defendant removed the present case on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists where a plaintiff states a cause of action created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Here, Defendants assert that Plaintiff has stated a claim for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. In his Motion to Remand, Plaintiff argues that he did not intend to assert a claim under the FMLA. Rather, Plaintiff argues that his third cause of action is premised on California state laws, and that its reference to the FMLA is only relevant as "yet another example of adverse employment action . . . ." (Pl.'s Mot. 9:10-17.)

The Court disagrees with this characterization. It is evident from the face of Plaintiff's well-pleaded Complaint that Plaintiff has stated a claim for violation of the FMLA. "Retaliation In Violation of . . . FMLA" is written on the caption of Plaintiff's Complaint and repeated in the heading of Plaintiff's third cause of action. (Compl. 1:17-19; 8:10-12.) Additionally, Plaintiff invoked the FMLA's substantive provisions by alleging "unlawful employment practice[s]" under the FMLA. (Compl. ¶ 48). Plaintiff further alleged that Defendant J.B. Hunt "failed and refused to comply" with the FMLA, and retaliated against Plaintiff because of Plaintiff's "exercise of family and/or medical leave rights guaranteed under" the FMLA. (Compl. ¶ 52.)

Plaintiff provides no basis for his assertion that this alleged violation of the FMLA is simply exemplary or illustrative, and the alleged violations of California state law – which are substantially similar – are the legally operative allegations. Thus, the Court rejects that assertion. Plaintiff has therefore stated a federally created cause of action, violation of the FMLA, on the face of his Complaint. Accordingly, the Court has jurisdiction over this case.

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), to which Plaintiff cites, stands for the proposition that where federal law does not create the cause of action on which the plaintiff sues, courts then turn to an analysis of whether the plaintiff's right to relief depends on resolution of a substantial question of federal law. *Id.* at 808-11. Because the Court finds that, on the face of Plaintiff's Complaint, federal law does in fact create a cause of action, *Christianson* is inapplicable.

Alternatively, Plaintiff argues that removal was improper because Defendant Gilkes did not join or consent to the removal as required by 28 U.S.C. § 1446. However, Section 1446 requires only that defendants "properly joined and served" do so. 28 U.S.C. § 1446(b)(2)(A). Thus, the rule in the Ninth Circuit is that "a party not served need not be joined; the defendants summonsed can remove by themselves." *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1989), *superseded on other grounds by* 28 U.S.C. § 1441(e).

Defendants represent that Plaintiff has yet to serve Defendant Gilkes (Zuniga Decl. ¶ 4), and the docket does not reflect any such service. Additionally, although it is not required by the text of Section

1446(b)(2)(A), Defendant represents that Gilkes consented to the removal. (Zuniga Decl. ¶ 4.) Since it does not appear that Gilkes has been served, his joinder in the removal was not required.

      Finally, Plaintiff maintains that removal was improper, and requests an award of just costs and actual expenses, including attorney's fees. *See* 28 U.S.C. § 1447(c).  Because the Court finds that removal was proper, Plaintiff's request is denied.

### IV.     CONCLUSION

      For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

:

**Initials of Preparer**